Motion by plaintiff.

(Reap. Dec. 10967)

## IONAC CHEMICAL CO. *v.* UNITED STATES

Entry Nos. 13586; 176

(Decided May 4, 1965)

*Eugene R. Pickrell* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: These two appeals for reappraisement are before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Plaintiff and the Assistant Attorney General for the United States that the items marked "A" and initialled JWP by Examiner John W. Painter on the invoices covered by the appeals for reappraisement herein and designated on the invoices as Zerolit 225, Zerolit G and Zerolit FF, were appraised at the following prices:

> Zerolit 225 $14.80 per pound, plus drums
> Zerolit G $46.55 per pound, plus drums
> Zerolit FF $46.55 per pound, plus drums.

IT IS FURTHER STIPULATED AND AGREED that American selling price, as that value is defined in Section 402(e) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis for the determination of the value of the merchandise here involved, and that the prices at which merchandise comparable to and competitive with Zerolit 225, Zerolit G

and Zerolit FF, produced in the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the article in condition packed ready for delivery, and freely offered for sale for domestic consumption in the principal market of the United States, in the ordinary course of trade and in the usual wholesale quantities at the time of exportation of the merchandise herein, are as follows:

> Zerolit 225 $6.50 per pound, plus drums
> Zerolit G $7.50 per pound, plus drums
> Zerolit FF $7.50 per pound, plus drums.

IT IS FURTHER STIPULATED AND AGREED that these appeals for reappraisement be submitted on this stipulation.

The stipulated facts establish that the proper basis for appraisement of the merchandise, indicated by the items marked "A" and initialed "JWP" on the invoices covered by the appeals for reappraisement enumerated above, is American selling price, as defined in section 402(e) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), and that the statutory values for said merchandise are as hereinabove set forth in the stipulation of submission, and I so hold.

As to all other merchandise included on the invoices covered by the entries involved herein, the appeals for reappraisement are dismissed.

Judgment will be rendered accordingly.